Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2020
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*



**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
EULOGIO APOLINARIO, *individually and on behalf
of others similarly situated,*

                   *Plaintiff,*

                   -against-

LUIS ANGIE DELI GROCERY INC. (d/b/a LUIS
ANGIE DELI GROCERY) and LUIS OBDULIO
GONZALEZ,

                   *Defendants.*
-----------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION
UNDER 29 U.S.C. § 216(b)**

**ECF Case**

     Plaintiff Eulogio Apolinario ("Plaintiff"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., and as against each of Defendants Luis Angie Deli Grocery Inc. (d/b/a Luis Angie Deli Grocery) ("Defendant Corporation"), and Luis Obdulio Gonzalez (collectively, "Defendants"), alleges upon information and belief as follows:

### NATURE OF ACTION

    1.    Plaintiff is an employee of Defendants Luis Angie Deli Grocery Inc. (d/b/a Luis Angie Deli Grocery) and Luis Obdulio Gonzalez.

    2.    Luis Angie Deli Grocery is a deli owned by Luis Obdulio Gonzalez, located at 976 Prospect Avenue, Bronx, New York 10459.

1

3.      Upon information and belief, Defendant Luis Obdulio Gonzalez serves or served as owner, manager, principal or agent of Defendant Corporation and through this corporate entity operates or operated the deli as a joint or unified enterprise.

4.      Plaintiff is an employee of Defendants.

5.      Plaintiff has worked long days as a sandwich maker at the deli located at 976 Prospect Avenue, Bronx, New York 10459.

6.      Plaintiff has regularly worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for any of the hours that he works over 40 each week.

7.      Rather, Defendants have failed to maintain accurate records of hours worked and failed to pay Plaintiff appropriately for any hours worked over 40.

8.      Defendants' conduct has extended beyond Plaintiff to all other similarly situated employees.

9.      At all times relevant to this complaint, Defendants have maintained a policy and practice of requiring Plaintiff and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

10.     Plaintiff Velasquez now brings this action on behalf of himself and other similarly situated individuals, for unpaid overtime wage orders pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq.*, and the minimum wage, overtime, and spread-of-hours law and the associated regulations of the New York Commissioner of Labor codified at N.Y.C.R.R. Tit. 12 §§ 142) (herein the

"Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

13. Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

14. Plaintiff Eulogio Apolinario ("Plaintiff Apolinario" or "Mr. Apolinario") is an adult individual residing in Bronx County, New York.

15. Plaintiff Apolinario has been employed by Defendants from approximately 2000 until the present date.

16. At all relevant times to this complaint, Plaintiff has been employed by Defendants as a deli worker and sandwich maker at Luis Angie Deli Grocery, located at 976 Prospect Avenue, Bronx, New York 10459.

17. Plaintiff consents to being party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18. Defendants have owned, operated and/or controlled a deli located at 976 Prospect Avenue, Bronx, New York 10459 under the name of Luis Angie Deli Grocery, at all times relevant to this complaint.

19. Upon information and belief, Luis Angie Deli Grocery Inc. ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 976 Prospect Avenue, Bronx, New York, 10459.

20. Defendant Luis Obdulio Gonzalez is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

21. Defendant Luis Obdulio Gonzalez is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

22. Defendant Luis Obdulio Gonzalez possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

23. Defendant Luis Obdulio Gonzalez determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

24. Defendants operate a deli located at 976 Prospect Avenue, Bronx, New York 10459.

25. Individual Defendant Luis Obdulio Gonzalez possesses operational control over Defendant Corporation, possesses an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation.

26. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

27. Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

28. Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

29. In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

30. Upon information and belief, Individual Defendant Luis Obdulio Gonzalez operates Defendant Corporation as either an alter ego of himself, and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by, among other things:

5

(a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

(b) defectively forming or maintaining Defendant Corporation, by among other things failing to hold annual meetings or maintain appropriate corporate records;

(c) transferring assets and debts freely as between all Defendants;

(d) operating Defendant Corporation for his own benefit as the sole or majority shareholder;

(e) operating Defendant Corporation for his own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f) intermingling assets and debts of his own with Defendant Corporation;

(g) diminishing and/or transferring assets of Defendant Corporation to protect his own interests; and

(h) other actions evincing a failure to adhere to the corporate form.

31. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

32. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

33. In each year from 2007 to the present, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

34. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were sold in the deli on a daily basis were produced outside of the State of New York.

### *Individual Plaintiff*

35. Plaintiff is an employee of Defendants, who is employed as a deli worker.

36. Plaintiff seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Plaintiff Eulogio Apolinario*

37. Plaintiff Apolinario has been employed by Defendants from approximately 2000 until the present date.

38. At all relevant times, Plaintiff Apolinario has been employed by Defendants to work as a deli worker and sandwich maker.

39. Plaintiff Apolinario regularly handled goods in interstate commerce, such as food, condiments and supplies necessary to perform his duties.

40. Plaintiff Apolinario's work duties have required neither discretion nor independent judgment.

41. Throughout his employment with Defendants, Plaintiff Apolinario has regularly worked in excess of 40 hours per week.

42. From approximately March 2008 until on or about August 2009, Plaintiff Apolinario worked a schedule from approximately 7:00 a.m. to 11:00 p.m. Mondays through Fridays; from approximately 3:00 p.m. to 11:00 p.m. on Saturdays; and from 1:00 p.m. to 10 p.m. on Sundays (typically 97 hours per week).

43. From approximately September 2009 until on or about June 2013, Plaintiff Apolinario worked a schedule from approximately 7:00 a.m. to 11:00 a.m. and from 3:00 p.m. to 11:00 p.m. Mondays through Fridays; from approximately 3:00 p.m. to 11:00 p.m. on Saturdays; and from 1:00 p.m. to 10 p.m. on Sundays (typically 77 hours per week).

44. From approximately June 2013 until the present date, Plaintiff Apolinario has worked a schedule from approximately 7:00 a.m. to 11:00 a.m. and from 2:00 p.m. to 11:00 p.m. Mondays through Fridays; from approximately 3:00 p.m. to 11:00 p.m. on Saturdays; and from 1:00 p.m. to 10 p.m. on Sundays (typically 82 hours per week).

45. Plaintiff Apolinario has been paid his wages in cash throughout the entire course of his employment.

46. From approximately March 2008 until on or about August 2009, Plaintiff Apolinario was paid a flat weekly salary of $875.00 per week.

47. His salary, however, was distributed on two different payments: $485.00 for working the "morning shift" and $390.00 for working the "night shift."

48. From approximately September 2009 until the present date, Plaintiff Apolinario has been paid a flat weekly salary of $715.00 per week.

49. His salary, however, has been distributed on two different payments: $325 for the "morning shift" and $390.00 for the "night shift."

50. In addition, from September 2009 until the present date, Defendants have made unlawful deductions from Plaintiff's salary. Specifically, Defendants have deducted up to 120 hours worth of "hourly" pay from his wages because they falsely claim he has not worked hours for which they had previously paid him.

51. Defendants have not provided Mr. Apolinario with break periods of any kind during his work hours.

52. Plaintiff Apolinario has not been required to keep track of his time, nor to his knowledge, have Defendants utilized any time tracking device, such as sign in sheets or punch cards, that accurately reflect his actual hours worked.

53. Defendants have not provided Plaintiff Apolinario with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

54. No notification, either in the form of posted notices, or other means, has ever been given to Plaintiff Apolinario regarding wages as required under the FLSA and NYLL.

55. Defendants have not provided Plaintiff Apolinario with each payment of wages a statement of wages, as required by NYLL 195(3).

56. Defendants have not given any notice to Plaintiff Apolinario, in English and in Spanish (Plaintiff Apolinario's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

57. Defendants have regularly required Plaintiff Apolinario to work in excess of forty (40) hours per week without paying him overtime wages.

58. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Apolinario and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate overtime compensation, as required by federal and state laws.

59. Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

60. Defendants have also failed to post required wage and hour posters in the deli, and have not provided Plaintiff Apolinario with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Apolinario's relative lack of sophistication in wage and hour laws.

61. Defendants, which on information and belief operate an "all cash" business, have paid Plaintiff Apolinario all of his wages in cash.

62. Upon information and belief, defendants have engaged in these practices willfully to disguise the actual number of hours Plaintiff Apolinario (and similarly situated individuals) worked, and to avoid paying Plaintiff Apolinario properly for (1) his full hours worked, (2) for overtime due.

63. Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL. Defendants have failed to provide Plaintiff Apolinario' and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the

overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

64. Defendants have failed to provide Plaintiff Apolinario and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

65. Plaintiff Apolinario brings his FLSA overtime and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Luis Angie Deli Grocery (the "FLSA Class").

66. At all relevant times, Plaintiff Apolinario and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per

11

workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiff Apolinario' wages for which Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

67. The claims of the Plaintiff stated herein are similar to those of the other employees.

### FIRST CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

68. Plaintiff Apolinario repeats and re-alleges all paragraphs above as though fully set forth herein.

69. At all times relevant to this action, Defendants have been Plaintiff Apolinario's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants have had the power to hire and fire Plaintiff Apolinario (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for employment.

70. At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

71. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

72. Defendants, in violation of the FLSA, have failed to pay Plaintiff Apolinario (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

73. Defendants' failure to pay Plaintiff Apolinario (and the FLSA Class members) overtime compensation has been willful within the meaning of 29 U.S.C. § 255(a).

74. Plaintiff Apolinario (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAWS)

75. Plaintiff Apolinario repeats and re-alleges all paragraphs above as though fully set forth herein.

76. At all times relevant to this action, Defendants have been Plaintiff Apolinario's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants have had the power to hire and fire Plaintiff Apolinario (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

77. Defendants, in violation of the NYLL and associated rules and regulations, have failed to pay Plaintiff Apolinario (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

78. Defendants have failed to pay Plaintiff Apolinario (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

79. Defendants' failure to pay Plaintiff Apolinario (and the FLSA Class members) overtime compensation has been willful within the meaning of N.Y. Lab. Law § 663.

80. Plaintiff Apolinario (and the FLSA Class Members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

81. Plaintiff Apolinario repeats and re-alleges all paragraphs above as though fully set forth herein.

82. Defendants have failed to pay Plaintiff Apolinario (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Apolinario's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.*, and 650 *et seq.*, and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 137-1.7 and 137-3.11.

83. Defendants' failure to pay Plaintiff Apolinario (and the FLSA Class members) an additional hour's pay for each day Plaintiff Apolinario's (and the FLSA Class members) spread of hours exceeded ten hours has been willful within the meaning of New York Lab. Law § 663.

84. Plaintiff Apolinario (and the FLSA Class members) were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (Violation of the Unauthorized Deduction Provisions of the New York Labor Law)

85. Plaintiff Apolinario repeats and realleges all paragraphs above as though fully set forth herein.

86. At all relevant times, Defendants were Plaintiff's (and the FLSA Class members') employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

87. Defendants made unauthorized deductions from Plaintiff's (and the FLSA Class members') pay in violation of NYLL § 193.

88. Defendants' conduct in making unauthorized deductions from Plaintiff's (and the FLSA Class members') pay was done knowingly and intentionally.

89. Plaintiff Apolinario (and the FLSA Class members) were damaged in an amount to be determined at trial.

### FIFTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

90. Plaintiff Apolinario repeats and re-alleges all paragraphs above as though fully set forth herein.

91. Defendants have failed to provide Plaintiff Apolinario (and the FLSA class members) with a written notice, in English and in Spanish (Plaintiff Apolinario' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

100. Defendants are liable to each Plaintiff in the amount of $2,500, together with costs and attorneys' fees.

### SIXTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

101. Plaintiff Apolinario repeats and re-alleges all paragraphs above as though set forth fully herein.

102. Defendants have not provided Plaintiff (and the FLSA Class members) with wage statements upon each payment of wages, as required by NYLL 195(3).

103. Defendants are liable to each Plaintiff in the amount of $2,500, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

(b) Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA class members;

(c) Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff and the FLSA class members;

(e) Awarding Plaintiff and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff and the FLSA class members liquidated damages in an amount

equal to 100% of their damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff and the members of the FLSA Class;

(h) Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff's and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff and the FLSA Class members;

(j) Awarding Plaintiff and the FLSA class members damages for the amount of unpaid overtime wages, spread of hours pay, and damages for any improper deductions or credits taken against wages, under the NYLL as applicable;

(k) Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(l) Awarding Plaintiff and the FLSA class members pre-judgment and post-judgment interest as applicable;

(m) Declaring that Defendants' violation of the provisions of Article 6 of the NYLL were willful;

(n) Awarding Plaintiffs and the FLSA class members liquidated damages, interest, costs and attorneys' as provided by Article 6 of the NYLL;

(o) Awarding Plaintiff and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(p) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(q) All such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 4, 2014

                                        MICHAEL FAILLACE & ASSOCIATES, P.C.

By:   Michael A. Faillace [MF-8436]
      60 East 42nd Street, Suite 2020
      New York, New York 10165
      (212) 317-1200
      *Attorneys for Plaintiff*