**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
EULOGIO APOLINARIO,

                            *Plaintiffs*,            Docket No.:  **14-CV-2328 (GHW)**

          -against-


LUIS ANGIE DELI GROCERY INC. (d/b/a
LUIS ANGIE DELI GROCERY and LUIS
OBDULIO GONZALEZ

                      *Defendants.*
--------------------------------------------------------X


### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTIONS IN LIMINE TO EXCLUDE TESTIMONY OF WITNESSES NOT TIMELY DISCLOSED


                                      MICHAEL FAILLACE & ASSOCIATES, P.C.
                                      Joshua S. Androphy
                                      60 East 42nd Street, Suite 2020
                                      New York, New York 10165
                                      (212) 317-1200
                                      *Attorneys for Plaintiffs*

Plaintiffs Eulogio Apolinario, by his attorneys Michael Faillace & Associates, P.C., submit this memorandum of law in support of his motion *in limine* to exclude the testimony of proposed defense witnesses Leo Orozco, Elias Hidalgo, and Victor Rodriguez, individuals who were not properly identified or disclosed in discovery.

## PRELIMINARY STATEMENT

Defendants have, in their proposed joint pretrial materials on the eve of trial, disclosed two proposed defense witnesses, Leo Orozco, Elias Hidalgo, and Victor Rodriguez, who were never identified or disclosed at any time during the discovery period in this action.  The Court should preclude testimony from these surprise witnesses.

## ARGUMENT

### I.   DEFENDANTS' PROPOSED WITNESSES WERE NOT TIMELY DISCLOSED AND SHOULD BE EXCLUDED FROM TRIAL

Federal Rule of Civil Procedure 26 requires a party to provide certain initial disclosures automatically, including (i) the name, address, and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses; and (ii) a copy of all documents that the disclosing party may use to support its claims or defenses. *See* Fed. R. Civ. P. 26(a)(1)(A)-(B).  Rule 26 also requires that a party supplement its initial disclosures throughout the course of litigation at appropriate intervals whenever it learns that the information originally provided turns out to be incomplete or incorrect.  *See* Fed. R. Civ. P. 26(e)(1).  Finally, Rule 26 requires that a party seasonably amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect.  *See* Fed. R. Civ. P. 26(e)(2); Fed. R. Civ. P.

26 Advisory Committee's Note (supplementations should be made with special promptness as the trial date approaches).

To ensure compliance with Rule 26, Rule 37 provides that any party that:

> [W]ithout substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1).  In determining whether to exclude witnesses not disclosed in discovery, courts in this circuit consider "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance."  *Patterson v. Balsamico*, 440 F. 3d 104, 117 (2d Cir. 2006).

Here, proposed defense witnesses Leo Orozco, Elias Hidalgo, and Victor Rodriguez were disclosed for the first time when Defendants' attorneys sent their draft of the joint pretrial order to Plaintiff's attorney today at 4:08 p.m.  (Androphy Dec. ¶4)  The Defendants' Rule 26 disclosures do not identify either of these individuals, and these disclosures have never been supplemented.  (Androphy Dec. Ex. A)  To the contrary, Defendants' initial disclosures states that "Defendants are unaware of any individual other than the named parties likely to have discoverable information that may be used to support the allegations in the complaint, unless the use would be solely for impeachment."  (*Id.*)

The four factors identified by the Second Circuit support preclusion.  Defendants have not provided any explanation for their failure to comply with Rule 26.  The importance of the testimony is not clear.  Plaintiff is prejudiced by having to prepare for additional witnesses identified by Defendants less than three weeks before trial.  A continuance at this point would not

be practical and would unfairly delay plaintiff Apolinario from vindicating his rights.

Accordingly, the proposed witnesses Leo Orozco, Elias Hidalgo, and Victor Rodriguez should be

precluded from testifying at trial.

## CONCLUSION

Wherefore, it is respectfully requested that) the Court exclude the testimony of proposed

witnesses Leo Orozco, Elias Hidalgo, and Victor Rodriguez.

Dated: New York, New York
        April 15, 2015

MICHAEL FAILLACE & ASSOCIATES, P.C.
*Attorneys for Plaintiff*

By: ____/s/ Joshua S. Androphy _
Joshua S. Androphy
60 East 42nd Street, Suite 2020
New York, New York 10022
(212) 317-1200

3