```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  7/1/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                :

  EULOGIO APOLINARIO,                  :
                                                :

                           Plaintiff,    :                 1:14-cv-2328-GHW
                                                :

                   -against-            :                  ORDER
                                                :

LUIS ANGIE DELI GROCERY INC. d/b/a   :
LUIS ANGIE DELI GROCERY and LUIS     :
OBDULIO GONZALEZ,                     :
                                                :

                         Defendants.   :
                                                :
------------------------------------------------------------------ X

GREGORY H. WOODS, District Judge:

      The Court held a bench trial in this case on June 30, 2015.  After the close of evidence, the

Court stated its findings of fact and conclusions of law on the record, in accordance with Federal

Rule of Civil Procedure 52(a)(1).  For the reasons stated on the record, the Court found for the

plaintiff on his claims that defendants violated:  the overtime provisions of the Fair Labor Standards

Act ("FLSA") and New York Labor Law ("NYLL"); the spread of hours provision of the NYLL;

the wage notice provision of the NYLL; and the wage statement provision of the NYLL.  For the

reasons state on the record, the Court found for the defendants on plaintiff's claim that defendants

retaliated against him in violation of the anti-retaliation provisions of the FLSA and NYLL as a

result of his filing this lawsuit.

      Accordingly, the Court found the defendants liable to the plaintiff, jointly and severally, for

the following damages amounts:

    (a)  $2,500 for failure to provide wage notices as required by N.Y. Lab. Law § 195-1(a);

    (b)  $2,500 for failure to provide wage statements as required by N.Y. Lab. Law § 195-3;

    (c)  $218,938.20 for unpaid overtime wages due under the NYLL (*see* 12 N.Y.C.R.R. § 146-1.4; § 137-1.3 for years prior to 2011);

(d) $6,670 for unpaid spread of hours pay due under the NYLL (*see* 12 N.Y.C.R.R. § 146-1.6; § 137-1.7 for years prior to 2011);

(e) $174,683.44 in liquidated damages for unpaid overtime wages under N.Y. Lab. Law § 198(1-a);

(f) $6,162.50 in liquidated damages for unpaid spread of hours pay under N.Y. Lab. Law § 198(1-a); and

(g) $20,952.08 in liquidated damages for unpaid overtime wages under the FLSA, 29 U.S.C. § 216(b).

In addition, the plaintiff may recover prejudgment interest on two specific types of damages: (1) those awarded under the NYLL for violations which fall outside the FLSA statute of limitations period; and (2) those awarded under the NYLL only (*i.e.*, for spread of hours pay). *See McLean v. Garage Mgmt. Corp.*, 10-cv-3950 (DLC), 2012 WL 1358739, at *11 (S.D.N.Y. Apr. 19, 2012). Thus, plaintiff is entitled to prejudgment interest on his NYLL damages for unpaid overtime prior to April 3, 2012, which total $94,849.95. Interest on such damages shall be computed from April 3, 2010, the approximate midpoint of the period between April 3, 2008 and April 3, 2012. *See, e.g.*, *Yuquilema v. Manhattan's Hero Corp.*, 13-cv-461 (WHP) (JLC), 2014 WL 4207106, at *12 (S.D.N.Y. Aug. 20, 2014). Plaintiff is also entitled to prejudgment interest on his NYLL damages for spread of hours pay, which total $6,670. Interest on such damages shall be computed from October 7, 2012, the approximate midpoint of the period between January 1, 2011 and July 13, 2014, the time period for which plaintiff is owed spread of hours pay. The Clerk of Court is directed to compute interest from these dates, and to include the computed interest amount with the total damages amount. *See* N.Y. C.P.L.R. § 5001(c).

The Court also notes that the New York Labor Law provides:

> Any judgment or court order awarding remedies under this section shall provide that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent.

N.Y. Lab. Law § 198(4).  This provision applies only to the portions of the damages awarded under the NYLL, thus it does not apply to the $20,952.08 in liquidated damages awarded under the Fair Labor Standards Act.

Judgment shall be entered in favor of the plaintiff against both defendants, jointly and severally, in the total amount of $432,406.22 plus interest, to be calculated by the Clerk of Court as outlined above, and costs and attorney's fees in an amount to be determined later.  Plaintiff shall submit an application for attorney's fees and costs no later than Friday, July 10, 2015.  Defendants' opposition to the application, if any, is due no later than July 17, 2015.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated:  July 1, 2015
New York, New York

_____
GREGORY H. WOODS
United States District Judge

3