USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/27/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                              :
EULOGIO APOLINARIO,                       :
                                              :         1:14-cv-2328-GHW
                              Plaintiff,     :
                                              :        MEMORANDUM OPINION
           -against-                 :              AND ORDER
                                              :
LUIS ANGIE DELI GROCERY INC. d/b/a  :
LUIS ANGIE DELI GROCERY and LUIS    :
OBDULIO GONZALEZ,                        :
                                              :
                              Defendants.  :
------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

### I.    BACKGROUND

Plaintiff Eulogio Apolinario filed this case on April 3, 2014, alleging claims for unpaid wages and retaliation under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). After a one-day bench trial, the Court found that the defendants violated the FLSA and NYLL and awarded unpaid wages and liquidated damages; the Court found that the plaintiff did not meet his burden of proof on the retaliation claims and thus did not award damages for those claims. *See* Dkt. No. 57. The Clerk of Court computed interest and entered judgment for the plaintiff against both defendants, jointly and severally, in the amount of $478,983.50. *See* Dkt. No. 58.

On July 9, 2015, plaintiff's counsel moved for an award of $23,730 in attorney's fees and $1,302.80 in costs, pursuant to the fee-shifting provisions of the FLSA, 29 U.S.C. § 216(b), and the NYLL, N.Y. Lab. Law § 198(1-a). *See* Dkt. No. 61. Defendants' opposition papers were due by July 17, 2015. As of the date of this order, defendants have not filed a response to plaintiff's motion. For the reasons stated below, the Court awards plaintiff $17,183.75 in attorney's fees and $1,302.80 in costs.

## II.     DISCUSSION

### A. Attorney's Fees Under the FLSA and NYLL

Under the FLSA, "[a]ny employer who violates the [FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . . ." and "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Under the NYLL, "[i]n any action instituted in the courts upon a wage claim by an employee . . . in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment [and] all reasonable attorney's fees . . . ." N.Y. Lab. Law § 198(1-a); *see also* N.Y. Lab. Law § 663(1) (any employee paid less than the statutory minimum wage "shall recover in a civil action the amount of any such underpayments, together with costs [and] all reasonable attorney's fees"). Because the Court found that defendants violated the FLSA and NYLL, plaintiff is entitled to reasonable attorney's fees and costs in addition to the judgment already entered in his favor.

The Court has discretion in determining the appropriate amount of the fee award. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The Supreme Court has said that "[t]his is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Id.*; *see also McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 96 (2d Cir. 2006) ("Given the district court's inherent institutional advantages in this area, our review of a district court's fee award is highly deferential.").

The Second Circuit's approach to determining an appropriate attorney's fee award requires the Court to calculate a "presumptively reasonable fee," which is the product of: (1) a reasonable hourly rate for the attorney's work; and (2) a reasonable number of hours of work required by the case. *See Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166-67 (2d Cir. 2011) (citing *Arbor Hill Concerned*

2

*Citizens Neighborhood Assoc. v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008)). The party seeking fees bears "the burden of 'establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.'" *Savoie v. Merchants Bank*, 166 F.3d 456, 463 (2d Cir. 1999) (quoting *Cruz v. Local Union Number 3*, 34 F.3d 1148, 1160 (2d Cir. 1994)).

"Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998). Plaintiff's counsel submitted documentation of their work, including time records for each attorney and an explanation of the hourly rates sought for each attorney. *See* Memorandum of Law in Support of Plaintiff's Motion for Attorneys' Fees and Costs ("Plaintiff's Memo"), Dkt. No. 62, at 3-5; Androphy Declaration, Dkt. No. 63 (including exhibits).

### B. Reasonable Hourly Rates

A reasonable hourly rate is one which a "paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 184. To find a reasonable hourly rate, the Court must determine whether the rates requested by plaintiff's counsel are "in line with those rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Reiter v. MTA New York City Transit Authority,* 457 F.3d 224, 232 (2d Cir. 2006) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.1 (1984)). In order to make this determination, courts look to: "(1) rates awarded in prior cases; (2) courts' own knowledge of hourly rates charged in the district; and (3) evidence submitted by the parties." *Jemine v. Dennis*, 901 F. Supp. 2d 365, 392 (E.D.N.Y. 2012) (citing *Farbotko v. Clinton County*, 433 F.3d 204, 209 (2d Cir. 2005)).

Plaintiff requests a rate of $450 per hour for Michael Faillace, named partner at Michael Faillace & Associates, P.C., who has "a decade of experience litigating employment actions in the federal courts." *See* Plaintiff's Memo at 4. In addition to his litigation experience, Mr. Faillace has taught courses on employment law at Seton Hall and Fordham law schools, and has written a

3

treatise on disability law in the workplace. *See id.* Plaintiff requests a rate of $400 per hour for Senior Attorney Joshua Androphy, who graduated from Columbia University School of Law in 2005 and worked as a litigator at another firm for seven years before joining Michael Faillace & Associates in 2012. *See id.* at 4-5. Plaintiff requests a rate of $300 per hour for Associate Johanna Sanchez, who graduated from Cornell Law School in 2013 and has been working at Michael Faillace & Associates since January 2015. *See id.* at 5.

In recent years, courts in this district have awarded rates between $350 and $450 per hour for partners with significant employment litigation experience. *See, e.g., Tackie v. Keff Enterprises LLC*, No. 14-cv-2074 (JPO), 2014 WL 4626229, at *7 (S.D.N.Y. Sept. 16, 2014) ($400 per hour for partner with 11 years of experience in wage and hour litigation was "consistent with prevailing rate for partners litigating wage and hour cases in" SDNY and EDNY); *Castellanos v. Mid Bronx Cmty. Hous. Mgmt. Corp.*, No. 13-cv-3061 (JGK), 2014 WL 2624759, at *7 (S.D.N.Y. June 10, 2014) (approving rate of $350 per hour for experienced partner and collecting cases awarding $300-400 rates for partners); *Morano v. Intercontinental Capital Grp., Inc.*, No. 10-cv-2192 (KBF), 2013 WL 474349, at *3 (S.D.N.Y. Jan. 25, 2013) ($375 per hour for experienced employment law litigator). Courts in this district have reduced Mr. Faillace's requested fee of $450 to $425 in cases that were "relative[ly] simpl[e]" because the defendants defaulted. *Yuquilema v. Manhattan's Hero Corp.*, No. 13-cv-461 (WHP) (JLC), 2014 WL 4207106, at *14 (S.D.N.Y. Aug. 20, 2014) *report and recommendation adopted*, 2014 WL 5039428 (S.D.N.Y. Sept. 30, 2014); *see also Galeana v. Lemongrass on Broadway Corp.*, No. 10-cv-7270 (GBD) (MHD), 2014 WL 1364493, at *14 (S.D.N.Y. Apr. 4, 2014) ($425 per hour for Mr. Faillace in default case). Accordingly, the Court approves Mr. Faillace's requested rate of $450 per hour.

Courts in this district have awarded a rate of $300 per hour for senior associates with at least eight years of experience. *See, e.g., Torres v. Gristede's Operating Corp.*, 2012 WL 3878144, at *4 (S.D.N.Y. Aug. 6, 2012) *aff'd*, 519 Fed. App'x 1 (2d Cir. 2013) ($300 per hour for 8 years of

experience); *Clover v. Shiva Realty of Mulberry*, No. 10-cv-1702 (RPP), 2011 WL 1832581, at *5 (S.D.N.Y. May 13, 2011) ($300 per hour for 9 years of experience). As recently as April, a court in this district awarded a rate of $300 per hour to Mr. Androphy. *See Rosendo v. Everbrighten Inc.*, No. 13-cv-7256 (JGK) (FM), 2015 WL 1600057, at *9 (S.D.N.Y. Apr. 7, 2015); *see also Yuquilema*, 2014 WL 4207106, at *14 (awarding $300 per hour to Mr. Androphy). Accordingly, the Court approves a rate of $300 per hour for Mr. Androphy.

Courts typically award rates in the range of $125-215 to associates with three years of experience or less. *See, e.g., Palacios v. Z & G Distributors, Inc.*, No. 11-cv-2538 (FM), 2013 WL 4007590, at *6 (S.D.N.Y. Aug. 6, 2013) ($200 per hour for 3 years of experience); *Chen v. TYT E. Corp.*, No. 10-cv-5288 (PAC) (DF), 2013 WL 1903735, at *3 (S.D.N.Y. May 8, 2013) ($125 per hour for summer associates; $215 per hour for less than 2 years of experience); *Agudelo v. E & D LLC*, No. 12-cv-960 (HB), 2013 WL 1401887, at *2 (S.D.N.Y. Apr. 4, 2013) ($200 per hour for 3 years of experience); *Gurung v. Malhotra*, 851 F. Supp. 2d 583, 597 (S.D.N.Y. 2012) ($150 per hour for law clerks at large firm); *Anthony v. Franklin First Financial, LTD.*, 844 F. Supp. 2d 504, (S.D.N.Y. 2012) ($175 per hour for 3 years of experience); *Jemine v. Dennis*, 901 F. Supp. 2d 365, 393 (E.D.N.Y. 2012) ($150 per hour for junior associate with less than 1 year of experience). Accordingly, the Court approves a rate of $175 per hour for Ms. Sanchez.

### C. Time Reasonably Expended

To determine a reasonable number of hours of work for a particular case, the Court must examine "contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). The Court may also consider its "own familiarity with the case and . . . experience generally. Because attorneys' fees are dependent on the unique facts of each case, the resolution of the issue is committed to the discretion of the district court." *Guallpa v. N.Y. Pro Signs Inc.*, No. 11-cv-3133 (LGS) (FM), 2014 WL 2200393, at *10-11 (S.D.N.Y. May 27, 2014)

*report and recommendation adopted sub nom.*, 2014 WL 4105948 (S.D.N.Y. Aug. 18, 2014) (alterations omitted). "Finally, billing judgment must be factored into the equation." *Id.*

The Court finds the time records submitted by plaintiff's counsel to be sufficiently detailed and reasonable. Accordingly, the Court awards plaintiff $17,183.75 in attorney's fees, calculated by multiplying the reasonable hourly rate for each attorney by the number of hours she or he worked, according to the billing sheet included as Exhibit A to Mr. Androphy's affidavit. Dkt. No. 63-1.

### D. Costs

As the prevailing party in this case, plaintiff is entitled to recover costs in addition to reasonable attorney's fees. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law §§ 198(1-a), 663; Section II.A., *supra*. Costs are defined as "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998).

Plaintiff requests reimbursement for the court filing and daily transcript fees, as well as for expenses incurred for postage for trial materials, process servers, and hiring a Spanish interpreter for trial. These costs are all reasonable and courts have allowed them in similar cases. *See, e.g.*, *Marquez v. Erenler, Inc.*, No. 12-cv-8580 (GHW), 2014 WL 5847441, at *4 (S.D.N.Y. Nov. 10, 2014) (awarding filing and transcript fees, and process server, deposition, and interpreter expenses); *Kadden v. VisuaLex, LLC*, No. 11-cv-4892 (SAS), 2012 WL 6097656, at *3 (S.D.N.Y. Dec. 6, 2012) (awarding filing fee and deposition, process server, and transcript expenses); *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 624 (S.D.N.Y. 2012) (awarding expenses including filing fees and postage); *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 515 (S.D.N.Y. 2011) (awarding expenses for interpreters at settlement conference and depositions); *Jin M. Cao v. Wu Liang Ye Lexington Rest., Inc.*, No. 08-cv-3725 (DC), 2010 WL 4159391, at *8-9 (S.D.N.Y. Sept. 30, 2010) (awarding filing fee and expenses for transcription services and interpreter).

### III.     CONCLUSION

Plaintiff is entitled to $17,183.75 in attorney's fees and $1302.80 in costs.  The Clerk of Court is directed to enter judgment for the plaintiff, against the defendants jointly and severally, in the amount of $18,486.55 and to terminate the motion pending at docket number 61.

SO ORDERED.

Dated:  July 27, 2015
New York, New York

GREGORY H. WOODS
United States District Judge